

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| J.P., | Case No. 26-cv-03288-BAS-VET |
| Petitioner, | |
| v. | **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)** |
| TODD BLANCHE, *et al*., | |
| Respondents. | |

Petitioner J.P. filed a habeas petition pursuant to 28 U.S.C. § 2241, claiming he was improperly detained after he was admitted to the United States on his own recognizance. (ECF No. 1.) Petitioner requests that he be immediately released on the same terms and conditions as he was previously released or a bond hearing. (ECF No. 1.) The Government responds. (ECF No. 5.) For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be granted a bond hearing before an Immigration Judge within 14 days.

## I.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484

26cv3288

(1973).  A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  It applies to non-citizens detained within the United States.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.   STATEMENT OF FACTS

The Department of Homeland Security ("DHS") detained Petitioner, a Venezuelan citizen, when he entered the United States on September 2023. (ECF No. 1, at ¶ 18.)  DHS released Petitioner on his own recognizance. (*Id.*)

On March 17, 2026, Petitioner was arrested for driving under the influence ("DUI"). (ECF No. 1, at ¶ 20.)  Immigration and Customs Enforcement ("ICE") took custody of Petitioner and kept him in immigration custody without an individualized determination as to whether this arrest for DUI warranted a change in his release conditions. Because he was in ICE custody, Petitioner was unable to appear in state court to address the DUI charge, and a state court warrant is now outstanding. (*Id.*)

On April 30, 2026, an Immigration Judge ("IJ") ordered Petitioner removed but granted withholding of removal to Venezuela. (*Id.* ¶22.) Alternatively, the IJ ordered Petitioner may be removed to Chile where he lived from 2019–23. (*Id.*) Petitioner has appealed this ruling; hence, his removal order is not yet final. (*Id.* ¶ 23.)

## III.   ANALYSIS

Although the Government seems to agree that Petitioner is entitled to a bond hearing, it bases its concession on its belief that Petitioner is part of the class certified in *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1075 (C.D. Cal. 2025). (ECF No. 7.) However, the *Maldonado Bautista* class applies only to individuals who entered without inspection and were not apprehended upon arrival. *Id.* Petitioner was apprehended at the border upon arrival, so he does not appear to be part of the *Maldonado Bautista* class. Nonetheless, this Court finds Petitioner's re-detention without notice or an opportunity to be heard violates Petitioner's due process rights.

26cv3288

Individuals released from custody, even where such release is conditional, have a liberty interest in continued liberty. *See, e.g.*, *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (parolees); *Young v. Harper*, 520 U.S. 143, 150 (1997) (pre-parolees); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (probationers). Thus, this Court agrees with those courts that have held:

> [O]nce a noncitizen has been released, the law prohibits federal agents from rearresting him merely because he is subject to removal proceedings.  Rather, the federal agents must be able to present evidence of materially changed circumstances—namely, evidence that the noncitizen is in fact dangerous or has become a flight risk, or is now subject to a final order of removal.  And if the noncitizen disputes the notion that changed circumstances justify his rearrest, he is entitled to a prompt hearing before an Immigration Judge.

*Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176–77 (N.D. Cal. 2017); *see also Kamalpreet v. Singh*, No. 26-cv-1211-LL-JLB, 2026 WL 622687, at \*1 (S.D. Cal. Mar. 5, 2026) ("Although the initial decision to detain or release an individual may be within the government's discretion, the government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." (citation modified) (quoting *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025))).

DHS released Petitioner, finding he was not a flight risk or a danger to the community in September 2023. Since then, circumstances have changed as Petitioner was arrested for DUI on March 17, 2026. However, Petitioner is still entitled to due process and a hearing before an IJ, where that IJ can assess whether circumstances have changed since Petitioner's original release and whether those changed circumstances now warrant detention without bond. Hence, the Court **GRANTS** the Petition.

//
//
//
//
//

26cv3288

## IV.  CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** a bond hearing before an Immigration Judge for J.P. (A# 241-505-520) within 14 days of today's date. At that hearing, the Immigration Judge should assess whether circumstances have changed since Petitioner's release on his own recognizance in September 2023, and whether these changed circumstances now warrant detention instead of release.

The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

**DATED: June 10, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 4 -

26cv3288